**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

Jesus Alejandro Contreras Surio,

    Petitioner,

    v.                              Case No. 2:26-cv-02913-BCL-tmp

Christopher Bullock
*New Orleans Field Office, Director of
Immigration and Customs Enforcement*

    Respondent.

---

**ORDER DENYING § 2241 PETITION**

---

Petitioner Jesus Alejandro Contreras Surio filed a Petition for Writ of Habeas Corpus in which he challenged his detention without a bond hearing pending the outcome of removal proceedings. Doc. 1. For the reasons that follow, the Petition is **DENIED**.

At the outset, the Court notes that, in his Reply, Petitioner now seeks "immediate and unconditional release" based on arguments nowhere presented in his Petition. This is at least the fifth time Petitioner's counsel has proceeded in this fashion, despite repeated orders recognizing the tactic results in forfeiture. *See Acevedo-Solis v. Bullock*, 2026 WL 2137955, at *2 (W.D. Tenn 2026) (so concluding); *Murillo Moran v. Bullock*, 2026 WL 1998625, at *1 (W.D. Tenn. 2026) ("**And counsel, in this case and similar cases, are again reminded of the impropriety of reserving arguments for a reply brief and that one potential consequence of doing so, among others, is the rejection of those arguments on grounds of forfeiture.**"); *Jose Leonardo Rodriguez-Arevalo v. Bullock*, No. 2:26-CV-02763-BCL-TMP, 2026 WL 2149956, at *1 (W.D. Tenn. July 27, 2026); *Eladio Macias-Morales v. Bullock*, No. 2:26-cv-02907-BCL-atc, slip op. at

1 (W.D. Tenn. July 31, 2026). So too here, for the arguments in support of immediate and automatic release. **And the Court again advises counsel of the need—and requirement—of making a petitioner's arguments in the petition, and not in reply.**

More broadly, the petition is denied for failure to exhaust administrative remedies. Respondent notes that "to date, Petitioner has not availed himself of a bond request with immigration court." Doc. 6 at 1. So Petitioner is asking this Court to step in in the first instance and order him released, bypassing the Immigration Judge and the Board of Immigration Appeals entirely. Doc. 1 at 7. That is inappropriate—particularly where, as here, the petition was filed after the Sixth Circuit held in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), that some applicants are entitled to individualized bond hearings.

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). While exhaustion is prudential in this context, exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance,

and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

In his Reply, Petitioner also contends that irreparable harm would ensue if he were required to exhaust his bond request before the immigration court and BIA. This contention fails for at least three reasons. *First*, Petitioner has not even sufficiently claimed irreparable harm. Petitioner gestures broadly to the possibility of inconsistent access to medical care, but he does not actually claim that he has suffered any interference with his medical care, much less material interference. And he generically claims that his family is "dependent on him for support," without offering specific information concerning the reasons for that dependence, its extent, and the remaining or possible alternative sources of support available to the family. These allegations are insufficient; indeed, to accept them would be to excuse exhaustion for any noncitizen with a medical condition or close relations in the United States; the exception would swallow the rule. *Second*, even if Petitioner's claims might suffice in the abstract, he has offered no proof capable of supporting excusal of exhaustion—which is an independent reason this argument fails. And, *third*, any harm here is largely of Petitioner's own creation: As Respondent recounts (and Petitioner does not dispute), the Immigration Court's Practice Manual provides that upon request, a bond hearing will be scheduled for the earliest possible date, Doc. 6 at 3, meaning that delay in this case will be largely due to Petitioner's choice to attempt to bypass the administrative process in favor of a premature request for adjudication under Article III.

Petitioner also asserts in Reply that pursuing a bond hearing before an Immigration Judge would be futile. Doc. 9 at 8. Apparently, Petitioner means (or at least primarily means) that the Immigration Judge will follow *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA), and hold Petitioner categorically ineligible for a bond hearing, despite the Sixth Circuit's rejection of that

decision. Doc. 8 at 4. Petitioner has offered no basis supporting that belief, which is flatly inconsistent with Respondent's position here that "this case is covered by the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 2026 WL 1283891 … (6th Cir. May 11, 2026)," which held that at least some noncitizens are entitled to individualized bond determinations under 8 U.S.C. § 1226. And that is over and on top of the presumption of regularity to which the politically accountable Executive Branch is rightly entitled. *See Ortiz Rodriguez v. Bondi*, 2026 WL 674217 at *2 (6th Cir. 2026). Petitioner thus falls back to an argument that he is unlikely to succeed before the Immigration Judge and BIA because of a pattern (which Petitioner asserts but does not prove[1]) of purportedly "pretextual denials" of bond in *other cases.* That does not suffice to excuse the need for exhaustion *in this case*, because "the crucial inquiry [is] whether the agency *can* provide the relief requested if the argument succeeds, not whether it is likely to succeed." *Smith v. United States Sec. & Exch. Comm'n*, 171 F.4th 798, 810 (6th Cir. 2026) (emphasis added). And certainly, mere claims of pretext without actual support cannot warrant excusing exhaustion.

As in *Murillo Moran*, the remainder of Petitioner's new arguments consist of a variety of factors why, in Petitioner's view, a bond hearing could only result in release. *See* Doc. 9 at 6-8 (listing claimed stability of reference, verified employment, financed vehicle, domestic relationship, and lack of legal violations). It would be improper for the Court to adjudicate these arguments which go to the heart of the bond determination, because to do so would be to usurp the role of the Immigration Court and Board of Immigration Appeals, to which such determinations belong, and would end run the statute barring judicial review of such decisions. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section

---

[1] The Court notes that Petitioner's argument here appears to be materially identical to the argument made in another case in which the noncitizen was represented by counsel representing Petitioner here; the Court in that case likewise criticized the lack of substantiation of the claimed pretextual denials.

shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

**IT IS SO ORDERED**, this 31st day of July 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE